

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 9, 2022

**BY ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

> **Re:    *United States v. Carmine Sarnelli*, 22 Cr. 116 (NRB)**

Dear Judge Buchwald:

The Government respectfully submits this letter motion in support of an order to quash a Rule 17(c) subpoena issued by the defense to the Suffolk County Police Department ("SCPD") that categorically requests all records relating to certain internal SCPD and Federal Bureau of Investigation ("FBI") reference numbers assigned to the investigation and arrest of the defendant and other individuals (the "Subpoena").  That is not the proper use of a Rule 17(c) subpoena. Accordingly, the Government respectfully requests that the Court issue an order quashing the Subpoena.

## BACKGROUND

As the Court is aware, the defendant has moved to suppress evidence seized at the time of his May 15, 2021 arrest and to dismiss the death-resulting charge in the Indictment.  A suppression hearing is scheduled for November 17, 2022.

To date, the Government has produced voluminous discovery to the defense, which has included, among other things, records from the SCPD and the FBI relating to the defendant's case that fall within the scope of the Government's Rule 16 and *Brady* obligations, as well as the United States Attorney's Office's ("USAO") policies and procedures related to pre-trial discovery.  In anticipation of the suppression hearing, the Government has also produced materials regarding law enforcement witnesses who may testify at the hearing, consistent with the Government's obligations under the Jencks Act and *Giglio*, as well as the USAO's policies and procedures related to witness materials.  Those materials include, among other things, reports and communications of the law enforcement officers involved in this case.  In addition, the Government has produced materials for some of the confidential sources and cooperators involved in this case who the Government does not intend to call at the hearing, but whose materials may be pertinent to the hearing.

Page 2

Last week, the SCPD informed the Government that it had received the Subpoena from the defense with a return date of November 17, 2022, at 9:00 a.m.  The Subpoena is attached hereto as **Exhibit A**.  The Subpoena requests "all documents and electronic records relating to" certain internal law enforcement reference numbers, which were assigned to the defendant's case and those of other individuals (including confidential sources and cooperators).

## ARGUMENT

### A.  Applicable Law

Discovery in criminal cases is governed by Rule 16, and should not be conducted through the issuance of subpoenas pursuant to Rule 17.  *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-20 (1951).  As the Supreme Court has explained, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."  *Id.* at 220 ("Rule 17(c) was not intended to provide an additional means of discovery."); *see also United States v. Purin*, 486 F.2d 1363, 1368 (2d Cir. 1973) ("A subpoena *duces tecum* in a criminal case is not intended as a means of discovery.").  Unlike the civil rules of procedure— which permit the issuance of subpoenas to seek production of documents or materials which, although themselves not admissible, may lead to admissible evidence—the criminal rules do not authorize the issuance of such broad pretrial subpoenas.  *See United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Gross*, 24 F.R.D. 138, 141 (S.D.N.Y. 1959) (Rule 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information relating to the defendant's case.  This type of discovery, permissible under the Federal Rules of Civil Procedure, has not been authorized for criminal trials.").

The purpose of Rule 17(c) is to "expedite the trial by providing a time and place before trial for the inspection of" specific materials that the parties intend to offer into evidence. *See United States v. Tagliaferro*, No. 19 Cr. 472 (PAC), 2021 WL 980004, at *2 (S.D.N.Y. Mar. 16, 2021) (citing *Bowman Dairy Co.*, 341 U.S. at 220 (1951)); *see also United States v. Ulbricht*, 858 F.3d 71, 109 (2d Cir. 2017) (explaining that the rule "allows parties to subpoena documents and objects to be introduced at criminal trials"), *abrogated on other grounds as recognized by United States v. Chambers*, 751 F. App'x 44, 46 & n.1 (2d Cir. 2018) (summary order).  Accordingly, the Supreme Court has explained that, to require production of materials pursuant to Rule 17(c), the party seeking production must show that:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (footnote omitted); *see United States v. Skelos*, 988 F.3d 645, 661 (2d Cir. 2021) (affirming a decision to quash subpoenas through application of *Nixon*); *United States v. Pena*, No. 15 Cr. 551 (AJN), 2016 WL 8735699, at *1-*2

Page 3

(S.D.N.Y. Feb. 12, 2016) (applying *Nixon*, rather than the "more liberal standard" of *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008), to the propriety of a Rule 17(c) subpoena).

The *Nixon* test is demanding. The defendant must establish that the subpoena is not intended as a general fishing expedition. *See Nixon*, 418 U.S. at 700; *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) ("[T]est for enforcement is whether the subpoena constitutes a good faith effort to obtain *identified evidence* rather than a general 'fishing expedition' that attempts to use the rule as a discovery device." (emphasis added)). Indeed, because the Rule poses such a risk of abuse and misuse, courts are stringent in holding those seeking to obtain documents to Rule 17(c) to their burden of demonstrating that the documents sought are (1) relevant, (2) admissible, (3) specifically identified, and (4) not otherwise procurable, and it is "insufficient" for a party to show only that the subpoenaed documents "are *potentially* relevant or *may* be admissible," *United States v. RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y 2005) (emphasis added). "[A] mere hope that the documents, if produced, may contain evidence favorable to the defendant's case will not suffice. Rule 17(c) requires a showing that the materials sought are *currently admissible* in evidence; it cannot be used as a device to gain understanding or explanation." *United States v. Rich*, No. 83 Cr. 579 (SWK), 1984 WL 845, at *3 (S.D.N.Y. Sept. 7, 1984) (internal quotation marks omitted) (emphasis added).

Accordingly, subpoenas that call for "any" and "all" records "do not evince specificity" and "read[] like a discovery request, which is not permitted under Rule 17(c)." *Tagliaferro*, 2021 WL 980004 at *3; *see also United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. July 18, 2013) ("Subpoenas seeking any and all materials, without mention of specific admissible evidence, justify the inference that the defense is engaging in the type of fishing expedition prohibited by *Nixon*."); *United States v. Avenatti*, No. 19 Cr. 373 (PGG), 2020 WL 86768, at *6 (S.D.N.Y. Jan. 6, 2020) (noting that a Rule 17(c) subpoena requesting "all" audio recordings and transcripts relating to certain topics "reads like a request under the Federal Rules of Civil Procedure" and "violate[s] the specificity requirement set forth in *Nixon*"); *Pena*, 2016 WL 8735699, at *3 (finding that a request for "any and all records associated with the Government's cooperating witness for an indefinite length of time takes an impermissible shotgun approach to Rule 17(c)"). And "[g]enerally the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701 (citations omitted); *see also United States v. Nektalov*, 2004 WL 1574721, at *2 (S.D.N.Y July 14, 2004) ("documents sought solely for impeachment purposes are not the proper subject of a Rule 17(c) subpoena"). Indeed, Rule 17 by its terms expressly prohibits a party from serving a subpoena intended to obtain a witness's prior statements. *See* Fed. R. Crim. P. 17(h) ("No party may subpoena a statement of a witness or of a prospective witness under this rule.").

**B. Discussion**

As an initial matter, the Government has standing to move to quash the Subpoena because the SCPD has authorized the Government to do so. *See, e.g.*, *Ray*, 2020 WL 6939677, at *7 ("Courts have acknowledged that the Government has standing to challenge Rule 17(c) subpoenas

Page 4

directed to a non-party when the non-party authorizes the Government to assert his or her right by request or by indicating its joinder in a motion to quash.").[1]

The Court should quash the Subpoena because the defense cannot meet its burden to show that the Subpoena is proper under the factors set forth in *Nixon*. In particular, the defense cannot show that the subpoena is sufficiently specific, that all of the records sought are relevant and admissible, or that the subpoena is intended as anything other than an improper fishing expedition. *See Nixon*, 418 U.S. at 699-700.

*First*, the Subpoena plainly fails to meet *Nixon*'s specificity requirement. By requesting "all documents and electronic records" relating to the certain internal law enforcement reference numbers, the Subpoena calls for the SCPD to hand over its case files—related to both the defendant's case and those of other individuals—with no limiting principle. The Subpoena does not identify any specific documents or records that it seeks; the defense is simply requesting everything in the hopes that something useful might turn up. As such, the Subpoena is improperly broad and is exactly the type of "fishing expedition" that is not allowed through a Rule 17(c) subpoena. *See, e.g.*, *United States v. Yian*, No. 94 Cr. 719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995) (quashing subpoena that "call[s] for the production of the entire investigative file and is accurately described as a fishing expedition"); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), 2021 WL 1625392, at *2 (S.D.N.Y April 27, 2021) (finding that a Rule 17(c) subpoena requesting, among other things, "all forms of correspondence" was "precisely the kind of fishing expedition that the specificity requirement is designed to prevent") (internal quotation marks omitted); *United States v. Barnes*, No. 04 Cr. 186 (SCR), 2008 WL 9359654, at *2 (S.D.N.Y. Apr. 2, 2008) ("In order to satisfy the specificity requirement of *Nixon*, the party seeking production of the materials must 'reasonably specify the information contained or believed to be contained in the documents sought' rather than 'merely hope that something useful will turn up.'").

The failure to meet the specificity requirement here is particularly important because the Subpoena seeks to do an end-run around Rule 16 and the Jencks Act. *See Barnes*, 2008 WL 9359654, at *2 ("[C]ourts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Rule 16."). The Subpoena was issued to a law enforcement agency involved in the investigation and arrest of the defendant. The defense knows that the SCPD has provided records to the Government in connection with the Government's obligations under Rule 16 and the Jencks Act because the defense has received SCPD records from the Government. But the Subpoena seeks to go beyond what the defense is entitled to receive under Rule 16 and the Jencks Act, essentially using Rule 17(c) to turn criminal discovery into civil discovery, and requesting law enforcement records that may not be subject to disclosure, including under Rule 16(a)(2). *See Mendinueta-Ibarro*, 956 F. Supp. 2d at 517 (granting a motion to quash a Rule 17(c) subpoena issued to the NYPD that sought

---

[1] Even if the Court were to find that the Government lacks standing to move to quash the Subpoena, the Court has an independent responsibility to evaluate the propriety of the Subpoena. *See, e.g.*, *United States v. Weissman*, No. 01 Cr. 529, 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002); *Ray*, 337 F.R.D. at 571 (finding the issue of Government standing to be "semantic" because of the Court's responsibility to ensure that subpoenas comply with the requirements of Rule 17(c)).

Page 5

"any and all writings and records" related to the NYPD's contact with a particular confidential witness, because it lacked the "requisite specificity" and sought "materials that are either statutorily protected from pre-trial disclosure [under Rule 16(a)(2)] or insufficient to justify the use of a Rule 17(c) subpoena"). If defendants in criminal cases were permitted to issue such broad subpoenas to the law enforcement agencies that investigated their criminal conduct and participated in their arrest, there would be no need for Rule 16 or the Jencks Act, which is unambiguously not the role of Rule 17. As such, the Subpoena can and should be quashed on that basis alone.

*Second*, and for similar reasons, the defendant cannot show that all of the requested records are relevant and admissible, rather than merely "potentially relevant or admissible." *Marchisio*, 344 F.2d at 669; *United States v. Jenkins*, 2003 WL 1461477 at *5 (S.D.N.Y. 2003) (a showing of potential relevance does not meet *Nixon* standard). As described above, the Subpoena does not identify any specific records that it seeks. Instead, the Subpoena calls for "all" records "relating to" internal reference numbers assigned to the defendant's and others' case files. It is not difficult to imagine that records responsive to such a request might include, for example, administrative documents with no relevance to the defendant's ability to prepare a defense or witness statements that are inadmissible at trial and, in any event, plainly fall outside the scope of Rule 17. In sum, the defense's broad approach to the Subpoena makes it nearly impossible to articulate with any specificity how all of the records that would be covered by the plain language of the Subpoena are relevant and admissible at trial.

*Third*, the defendant cannot show that the information he seeks in the Subpoena is not otherwise reasonably procurable. As described above, the Government has produced materials from the SCPD pursuant to its obligations under Rule 16, *Brady*, the Jencks Act, and *Giglio*. The Government understands its disclosure obligations and will continue to discharge those obligations. As such, the defense cannot show that the information sought in the Subpoena—to the extent the defendant is entitled to disclosure of that information—is not otherwise readily procurable in the normal course, either in connection with the Government's Rule 16 discovery productions or the Government's disclosure of witness materials in advance of a hearing or trial.

\* \* \*

Page 6

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court issue an order to quash the Subpoena.  Because the Subpoena includes a return date of November 17, 2022 (the date of the suppression hearing), the Government respectfully requests that the Court issue such an order prior to that date.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


By:    */s/*_____
       Thomas S. Burnett
       Emily A. Johnson
       David J. Robles
       Assistant United States Attorneys

# EXHIBIT A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York ☑

22-5511 64
10|26|2022
CMS
1243

United States of America )
v. )
Carmine Sarnelli )       Case No. 22 Cr. 116 (NRB)
_____ )
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:

Central Records Section of the Suffolk County Police Department, 30 Yaphank Avenue, Yaphank, NY 11980
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

All documents and electronic records relating to Central Complaint #21-248454, Central Complaint #20-29830 and FBI case 50E-NY-3222291.

| Place: Skadden, Arps, Slate, Meagher & Flom LLP<br>One Manhattan West<br>New York, NY 10001<br>Attn: Christopher J. Gunther<br>Or by email at christopher.gunther@skadden.com | Date and Time:<br>November 17, 2022 by no later than 9 AM EST |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: 10/21/2022

RUBY J. KRAJICK
CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Carmine Sarnelli
_____, who requests this subpoena, are:

Christopher J. Gunther; Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001; christopher.gunther@skadden.com; (212) 735-3483.

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.  22 Cr. 116 (NRB)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature* .

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

**(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).