N2GBSARP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

              v.                        22 Cr. 116 (NRB)

CARMINE SARNELLI,


              Defendant.

                                n           Plea
------------------------------x

                                        New York, N.Y.
                                        February 16, 2023
                                        12:00 p.m.


Before:

                    HON. NAOMI REICE BUCHWALD,

                                        District Judge

                          APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  DAVID J. ROBLES
     EMILY A. JOHNSON
     TOM BURNETT
     Assistant United States Attorneys

CHRISTOPHER GUNTHER
MEREDITH KELLY
     Attorneys for Defendant

N2GBSARP

(Case called; appearances noted)

THE COURT:  As I understand it, Mr. Sarnelli intends to plead guilty to a superseding information today.  Is that correct?

MR. GUNTHER:  Correct, your Honor.

THE COURT:  As I think you may have heard, I left my copy of the plea agreement on my desk, so it will be down here in a minute, but let's start on the waiver.  Have you handed up the waiver papers?

MR. GUNTHER:  We did, your Honor.

THE COURT:  You have them.  Sorry.  I see.  OK.

Mr. Sarnelli, may I ask you to stand for a minute.  Would you raise your right hand.

(Defendant sworn)

THE COURT:  Could you tell me your full name, please.

THE DEFENDANT:  Carmine Anthony Sarnelli.

THE COURT:  How old are you, sir?

THE DEFENDANT:  48 years old.

THE COURT:  Can you tell me the highest grade in school that you completed?

THE DEFENDANT:  High school and one-and-a-half years of college.

THE COURT:  One-and-a-half years of college?

THE DEFENDANT:  Yes.

THE COURT:  And are you currently or have you recently

N2GBSARP

been under the care of a doctor or a mental health professional?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for alcoholism or narcotics addiction?

THE DEFENDANT:  No.

THE COURT:  Are you under the influence of any drug or alcohol today?

THE DEFENDANT:  No.

THE COURT:  How are you feeling physically today?

THE DEFENDANT:  Good, thank you.

THE COURT:  Now, have you received a copy of the superseding information in this case?

THE DEFENDANT:  Yes, I have.

THE COURT:  And have you signed a waiver of indictment?

THE DEFENDANT:  Yes, I have.

THE COURT:  And before you signed it, did you discuss it with your lawyer?

THE DEFENDANT:  Yes, I have.

THE COURT:  And did your lawyer explain to you that you were under no obligation to waive indictment?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that if you did not waive indictment, then the government wanted to prosecute you

N2GBSARP

on these particular charges that they would have to present your case to a grand jury which might or might not indict you?

THE DEFENDANT:  Yes.

THE COURT:  And do you realize that by signing this waiver of indictment that you have given up your right to have these particular charges presented to a grand jury?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand what a grand jury is?

THE DEFENDANT:  Yes, absolutely.

THE COURT:  And would you like me to read the superseding information out loud or do you waive its public reading?

THE DEFENDANT:  I read it already.  You could waive it.

THE COURT:  And have you had sufficient time to consult with your lawyers about the charges against you and your plea?

THE DEFENDANT:  Yes.

THE COURT:  And have you been satisfied with the advice and counsel that they've given to you?

THE DEFENDANT:  Yes, very.

THE COURT:  You ought to be, frankly.  That's a compliment to your counsel by the way.

And are you ready to enter a plea?

N2GBSARP

THE DEFENDANT:  Yes.

THE COURT:  What is your plea, guilty or not guilty?

THE DEFENDANT:  Guilty.

THE COURT:  Mr. Sarnelli, in order to determine whether your plea is voluntary and made with a full understanding of the charges against you and the consequences of your plea, I'm going to make certain statements to you, and I'm going to ask you to certain questions.  I want you to understand that I need not accept your plea unless I am satisfied that you are in fact guilty and that you fully understand your rights.

Now, under the superseding information you are being charged in Count One with conspiring from in or about 2019, up to and including May 2021, to distribute and possess with intent to distribute 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts, isomers or salts of its isomers.  This crime carries a maximum sentence of life imprisonment, a mandatory minimum term of ten years imprisonment, a maximum term of supervised release of life, a mandatory minimum term of five years of supervised release, a maximum fine of $10 million and a $100 special assessment.

Do you understand that is the charge against you and the maximum and minimum penalties applicable to that charge?

THE DEFENDANT:  Yes.

N2GBSARP

THE COURT:  Do you further understand that in exchange for your plea of guilty that you will not be further prosecuted for the crime charged in Count One except for possible criminal tax violations?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that it is also part of this plea agreement that at the time of sentencing, the government will move to dismiss any open counts against you?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that you have the right to plead not guilty and the right to a trial on the charges against you, and in fact the right to a jury trial?

THE DEFENDANT:  Yes.

THE COURT:  At this time I'd ask the government, please, to recite the elements of the crime charged.

MR. BURNETT:  Yes, your Honor.

Under Count One, the government would have to prove the following elements beyond a reasonable doubt:  First, that there was an agreement or understanding between two or more persons to violate the narcotics law of the United States. Second, that the defendant knowingly became a member of that conspiracy; and third, that the controlled substance involved in the conspiracy was 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, its salts isomers or salts of its isomers.  The government

N2GBSARP

would have to prove by a preponderance of the evidence that venue is proper in the Southern District of New York.

THE COURT:  Mr. Sarnelli, do you understand that if you had decided to plead not guilty and gone to trial that the burden would be on the government to prove each and every element of the crime charged beyond a reasonable doubt in order to convict you?

THE DEFENDANT:  Yes.

THE COURT:  By the way, do you understand that it is part of your plea agreement to admit the forfeiture allegation with respect to Count One?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that at a trial you would have the right to be represented by an attorney at all stages of the proceedings, and if necessary, an attorney would be appointed for you?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that at a trial you would have the right to confront and cross-examine witnesses against you, and the right not to be compelled to incriminate yourself?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that at a trial you would be presumed innocent until such time, if ever, the government established your guilt by competent evidence to the

N2GBSARP

satisfaction of the trier of fact beyond a reasonable doubt?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that at a trial you would have the right to testify and would also be entitled to compulsory process; in other words, the right to call other witnesses on your behalf?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if your plea is accepted that there will be no further trial of any kind, so that by pleading guilty you're waiving your right to a trial?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if you're sentenced to a period of supervised release, and if you violate the terms of your supervised release, that an additional period of jail time may be imposed without credit for the time that you had previously spent on supervised release?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that in connection with your plea of guilty, that the Court may ask you certain questions about the offense to which you have pled; and if you answer those questions under oath and on the record and in the presence of your lawyers, that your answers if false may later be used against you in a prosecution for perjury or false statement?

THE DEFENDANT:  Yes.

N2GBSARP

THE COURT:  Mr. Sarnelli, what country are you a citizen of?

THE DEFENDANT:  United States.

THE COURT:  Now you've signed a plea agreement in this case.  Is that correct?

THE DEFENDANT:  Yes.

THE COURT:  And before you signed it, did you discuss it with your lawyers?

THE DEFENDANT:  Yes.

THE COURT:  Did you read it?

THE DEFENDANT:  Yes.

THE COURT:  Separate and apart from the plea agreement, have any threats or promises been made to you to make you plead guilty?

THE DEFENDANT:  No.

THE COURT:  Again, separate and apart from the plea agreement, have any understandings or promises been made to you concerning the sentence that you will receive?

THE DEFENDANT:  No.

THE COURT:  Is your plea agreement voluntarily, in other words, of your own free will?

THE DEFENDANT:  Yes.

THE COURT:  So I'd like to review some portions of the plea agreement with you.

First, do you understand that the plea agreement

N2GBSARP

contains a stipulated guidelines range from 135 to 168 months in prison with a mandatory minimum term of 120 months?

THE DEFENDANT:  Yes.

THE COURT:  And that the applicable fine range is from $35,000 to $10 million?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the parties have agreed that neither a downward nor an upward departure from the stipulated guidelines range is appropriate, but that the parties may seek a sentence outside the stipulated range. Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Do you understand that the government has reserved the right to seek a denial of the adjustment for acceptance of responsibility if the government believes that you have not demonstrated acceptance of responsibility either through your allocution or any subsequent conduct prior to the imposition of sentence?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that similarly nothing in the agreement limits the right of the government to seek an enhancement for obstruction of justice if you had previously engaged in conduct currently unknown to the government that constitutes an obstruction of justice or if you commit another crime after signing this agreement?

N2GBSARP

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that neither the probation office nor the Court is bound by the guidelines stipulation and that the sentence to be imposed upon you is determined solely by the Court?

THE DEFENDANT:  Yes.

THE COURT:  You understand that as part of the plea agreement that you have agreed not to file a direct appeal nor bring a collateral challenge to any sentence within or below the stipulated guidelines range of 135 to 168 months in prison; and similarly you've agreed that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively or concurrently with any undischarged portion of another sentence of imprisonment that has been imposed upon you at the time of sentencing in this case?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that you've also agreed not to appeal or otherwise challenge a term of supervised release that is less than or equal to the statutory maximum or to challenge a fine that is equal to or less than $10 million?

THE DEFENDANT:  Yes.

THE COURT:  Are you pleading guilty because you are in fact guilty?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that as part of this

N2GBSARP

plea agreement that you have waived any right to challenge your plea or conviction based on a failure by the government to disclose any *Brady* or *Jencks* Act material that has not already been produced to you as of the signing of this agreement unless it establishes your factual innocence?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that this plea agreement does not bind any prosecuting office, federal, state or local other than the U.S. Attorney's office for the Southern District of New York?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that apart from any written proffer agreement that may have been entered into between you and the government, that this plea agreement supersedes any other understandings or promises between you and the U.S. Attorney's office, and that no additional understandings maybe entered into other than those set forth in this agreement unless they are in writing and signed by all parties?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Sarnelli, did you commit the offense that you've been charged with in the superseding information?

THE DEFENDANT:  Yes, I did.

THE COURT:  Could you tell me, please, what you did.

THE DEFENDANT:  From about 2019 to May 2021, I agreed

N2GBSARP

with others to distribute and possess with intent to distribute 500 grams of meth.  At times I committed these actions in Manhattan.  I knew these actions were illegal and wrong.

THE COURT:  Is there anything else, Mr. Burnett, you'd like me to ask?

MR. BURNETT:  No, your Honor.  Thank you.

THE COURT:  Mr. Sarnelli, do you still wish to plead guilty?

THE DEFENDANT:  Yes, I do.

THE COURT:  Ms. Kelly or Mr. Gunther, do you know of any reason why the defendant should not plead guilty?

MR. GUNTHER:  No, your Honor.

THE COURT:  All right.  The Court is satisfied that Mr. Sarnelli understands the nature of the charge against him and the consequences of his plea, and that his plea is made voluntarily and knowingly, and that there is a factual basis for it.  Accordingly, I will accept the defendant's plea of guilty and direct that a presentence report be prepared.

By our calculations the presentence report ought to be prepared by the 10th of May.  Let me ask counsel for the defense how much time do you need for your presentence submission after the 10th of May?

MR. GUNTHER:  If we could have ten days, your Honor.

THE COURT:  And the government?

MR. BURNETT:  Your Honor, we would ask that our

N2GBSARP

submission be due seven days before sentencing.

THE COURT:  Let's do sentencing on June 6th, and we'll have defense submission due on May 22nd, and the government's on May 30th.  Actually, May 29th I think is Memorial Day, so make it the 31st.  OK.  Why don't we say at 11 in the morning. OK.  Is there anything further at this time?

MR. BURNETT:  Not from the government, your Honor. Thank you.

THE COURT:  Mr. Gunther?

MR. GUNTHER:  No, your Honor.  Thank you.

THE COURT:  Very good.  Thank you.

(Adjourned)