```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

        - against -

CARMINE SARNELLI,                             22 CR 116 (NRB)
a/k/a "Tony,"
                                           MEMORANDUM AND ORDER
                    Defendant.
-----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In a letter dated August 25, 2023, defendant Carmine Sarnelli ("Sarnelli") requested that the Court appoint new counsel "for the purpose of filing a 2255 habeus [sic] corpus appeal due to ineffective assistance of counsel as well as other constitutional grounds." ECF No. 61.

At this stage, the appointment of counsel for defendant is discretionary. See Johnson v. Avery, 393 U.S. 483, 488 (1969) (noting that courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief" and "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system"); 28 U.S.C. § 2255(g) (providing that a district court "may appoint counsel"). Appointment of counsel is governed by 18 U.S.C. § 3006A(a)(2),

which provides that representation may be provided "for any financially eligible person" when "the interests of justice so require." Moreover, in determining whether the "interests of justice" require the appointment of counsel, district courts "should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1985).

Sarnelli's letter sets forth a bare bones claim of ineffective assistance of counsel and an unspecified constitutional claim.[1] Accordingly, given the lack of any substantive basis articulated by Sarnelli for his proposed constitutional claims, the Court denies his request for counsel.

**SO ORDERED.**

Dated:   New York, New York
         September 15, 2023

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that defendant's counsel, Christopher J. Gunther, appointed under the Criminal Justice Act and a partner at Skadden, Arps, Slate, Meagher & Flom LLP, along with Brittany Libson, an associate at the same firm, appear to have negotiated a favorable outcome for their client following an unsuccessful motion to suppress. The Government originally charged Sarnelli with one count of conspiring to distribute, or possessing with intent to distribute, more than 500 grams of methamphetamine resulting in the death of another, and a second count charging Sarnelli with distributing, or possessing with the intent to distribute, more than 50 grams of methamphetamine. See ECF No. 15. As charged, the first count would have required a mandatory minimum sentence of 240 months' imprisonment. Id. ¶ 4. Ultimately, on February 16, 2023, Sarnelli pled guilty to the first count of a superseding information, which excluded any charge based on the ensuing death. ECF No. 52. Pursuant to the plea agreement, the parties stipulated to a sentencing range of 135 to 168 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment. ECF Nos. 51, 53. On June 13, 2023, Sarnelli was sentenced to the mandatory minimum term. ECF No. 58.