# CARMINE SARNELLI  45345-509
## FCI OTISVILLE CAMP
## PO BOX 1000
## OTISVILLE NY 10963

September 10, 2024



The Honorable Naomi Reice Buchwald
Unites States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:  Unites States v. Carmine Sarnelli, 22 Cr. 116 (NRB)**

Dear Judge Buchwald:

Please accept this letter as Sarnelli's reply to the Governments response letter Dated July 1, 2024, and in further support of Sarnelli's motions for a reduction of sentence under 18 USC § 3582 (c) (1)(A) and (c)(2) and to vacate his conviction pursuant to  28 U.S.C. § 2255 for ineffective counsel[1].

Before turning to the Government's arguments, however, Mr. Sarnelli wants to make abundantly clear that he takes full responsibility for his crime of conviction.  This motion is by no means an attempt to shirk responsibility or minimize the severity of the offense conduct.  Rather, Mr. Sarnelli, has always been entirely focused on using his period of confinement to understand what lead him to engaging in the offense conduct, repenting for the harm his crimes caused, and endeavoring to ensure he emerges from incarceration the type of caring person this Court recognized he had inside him.  By any measure, the supporting documents submitted to the Court and Mr. Sarnelli's institutional records make plain that he is more than the sum of his offense conduct,

---

[1] Sarnelli respectfully asks that if the Court deems the need for more information, to assign him counsel and schedule an evidentiary hearing.

1

that he is capable of being an honest and law-abiding citizen dedicated to the well-being of not just himself, but others as well.

### 1. Sarnelli did properly exhaust his remedies: Entitled to review on the Merits:

First, Sarnelli is somewhat bewildered how the government, who as an Officer of the Court would incorrectly maintain, to this honorable Court that Sarnelli has not exhausted his administrative remedies pursuant to 18 U.S.C. 3582(c)(1)(A)(i) prior to submission of this application to the Court.  Attached to the Motion as Exhibit "A" is Sarnelli's letter to the Warden at FCI Otisville J. L. Jamison requesting compassionate release and the Warden's denial of this request dated January 9, 2024.  Sarnelli, then filed this application in April 2024.  Clearly, Sarnelli did properly exhaust his administrative remedies and is entitled to review by the Court on the merits.  Sarnelli can only assume that when the Government makes such a deliberately false claim, they are only trying to take advantage of a Pro-Se litigant in the eyes of the Court, and this Court should be careful to trust any assertions made in their opposition papers.

### 2. Sarnelli, would like to draw the Court's attention to some of the Government's claims throughout its papers which were false or misleading, and which this honorable Court should take note of.

a. First the Government states in their reply "Sarnelli was represented by experienced criminal defense attorneys from the law firm Skadden, Arps, Slate, Meagher & Flom LLP."  Although that is factually true on its face, and this firm employes hundreds of lawyers world-wide, Sarnelli's attorney, Mr. Christopher Gunter, did not have any known prior criminal drug defense experience.  His own biography on the firm's website confirms this.[2]

---

[2] The banner on top of Mr. Gunther's bio states "For more than 30 years, Chris Gunther has defended corporations and individuals in white collar criminal matters and civil government enforcement cases, including through trial and on appeal."  There is no mention of any criminal drug defense experience.

2

b.  The Government creates the implication that Sarnelli or by his direction a "firearm" was present at sale of drugs between Sarnelli and CW-3.   The Government knowns that this fact is well disputed in that Sarnelli never sold this individual any drugs, but rather admitted to a barter with this individual to fuel Sarnelli's own addiction that this Court learned from the PSR was a driving force of his criminal activity.  The Government used this fact, that CW-3 claimed he was in possession of an inoperable firearm.  These facts only came out months after Sarnelli's arrest and he had no knowledge of the existence of this inoperable firearm being present.  Further, the Government uses the word "firearm" when they know full well that Sarnelli plead to "dangerous weapon", and words do matter.   The word firearm is not used in the PSR, but rather "weapon", and as noted above the weapon was not in Sarnelli's possession and he was unaware of the weapon even being present until months after his arrest.

### 3. This Court should vacate Sarnelli's conviction pursuant to  28 U.S.C. § 2255 for ineffective counsel, or in the alternative assign him counsel and schedule an evidentiary hearing.

Sarnelli submits that he did not receive adequate representation and his attorney was in in fact ineffective.  Sarnelli submits that his motion raises a number of troubling aspects of his representation.

a. Counsel never moved to dismiss the charges of possession of 500 grams, when he was arrested with possession of less than 500 grams.  A key element of that charge would be for Sarnelli to have had 500 grams or more in his possession.  He did not, as admitted by the Government.

The facts of this case cannot be denied. Although Sarnelli felt compelled to plead possessing more than 500 grams of methamphetamine, the Government agrees that he was only in possession of 468 grams. The government clearly notes in their paperwork, "Sarnelli had **almost** 500 grams of methamphetamine." They do not state that Sarnelli had 500 grams or more. This is a key distinction since if Sarnelli was charged with under 500 grams ( ie. 50 grams or more) in his possession, his mandatory minimum sentence would have been 60 months instead of the 120 months for 500 grams or more.

3

Any competent attorney would have fought the Government on this point. Even if you could argue that Mr. Gunther was right to not submit such a motion as a strategy for negotiating a plea, he never once used these facts to obtain a lesser charge. This point is important because the Government uses Sarnelli's 120-momth mandatory minimum and his plea to 500 grams as a reason he is ineligible for a 2-point reduction under the sentencing guidelines Amendment 821. Had Sarnelli plead to 50 Grams or more, his guidelines would have been much lower; and his mandatory minimum would have been 60-months and not 120-months, and that would make him eligible for a 2-point reduction.

It was only due to the Government initially overcharging Sarnelli with an overdose death that he was never responsible for that made Sarnelli feel he had no alternative but to accept the plea being offered when he counsel fail to vigorously defend him and he was rotting away pre-sentence ( also due to his counsel's failure to seek bail) in horrible Covid-19 lockdown conditions. Sarnelli outlined these conditions in his motion papers, and this Court is surely well aware of the reported conditions at facilities throughout the country that have been acknowledged by many Courts these past few years since the end of the Covid-19 pandemic. Accepting a plea was the only way to be transferred to a minimum-security prison where he has served his entire sentence as a non-violent first-time offender[3].

    c. Mr. Gunther also never pursued "Safety valve" protection for Sarnelli. In fact, he was not familiar with the "Safety Valve" protection afforded to drug defendants or how one would secure proper safety valve protection. He actually needed a 90-minute recess during the suppression hearing in November 2022, telling Sarnelli he needed to "look up some things" and tend to another case upstairs in the same courthouse.

The Government states that since Sarnelli plead to a two-level guidelines enhancement for possession of a firearm, that he would not be eligible for "Safety Valve". First, the Government again uses the word, "firearm" when in fact the PSR uses "weapon". Second, this too is exactly why Mr. Gunther was ineffective. Knowing that the

---

[3] Sarnelli has served his entire incarceration post sentencing (aside from a transfer period at MDC Brooklyn another facility with well-known horrific Covid-19 lockdown conditions) he has been housed in FCI Otisville a Satellite Camp in the Federal system for non-violent and low risk inmates. Sarnelli's PATTERN and Security scores have been minimum level his entire time incarcerated.

4

Government's position was not that Sarnelli had possession of the weapon but another party (CW-3) he should never have allowed Sarnelli to accept that responsibility in his plea. Further, the fact that Sarnelli was not the party in possession of the weapon meant that he was eligible for "Safety Valve" protection , but Mr. Gunther, despite Sarnelli's urging, never pursued it on his behalf. In United States v. Hill, 79 F3d. 1110, 1133, the 6th Circuit held that the Government had the burden to prove that the defendant was in possession of the weapon. We know that even the Government does not assert that for Sarnelli. It was apparently concealed in the pocket of CW-3, and unknown to Sarnelli that it was in existence. Mr. Gunther should have made these arguments to the Government and the Court.

What is key here, is that the "Safety Valve" provides a 2-point guidelines reduction and the 2-point sentence reduction under Amendment 821 would have given Sarnelli an additional 2 -point reduction for a total of 4-points, which lowers in his overall guidelines to 87-months on the low end, and only a 60-months mandatory minimum. Well below the 120-months mandatory minimum this Court felt it was required to impose.

At a minimum, Mr. Gunther should have objected to this weapon enhancement and not ignore Sarnelli's constant requests to do so. He should have requested a proper hearing to allow Your Honor to decide if this enhancement was appropriate. Sarnelli made his objections known by repeated e-mails to his attorney while incarcerated in Essex County[4]. As noted in the motion papers, Sarnelli requested copies of these e-mails from his attorney, but Mr. Gunther and his associates discontinued their communications with Sarnelli when he started to request these communications and Sarnelli has no ability to obtain them from the Essex County email system as he is no longer in custody of that agency. This fact cannot, and should not, be ignored since it speaks to ineffective assistance of counsel as well as the desire of Sarnelli's attorney to hide these communications.

    b. Furthermore, Mr. Gunther did not even take steps to request a bail hearing for Sarnelli. The result being that Sarnelli was held in Essex County Jail pre-trial from his arrest on May 15, 2021. How is this consistent with effective counsel? when Sarnelli is a first-time non-violent offender? There is little doubt given he

---

[4] While in Essex County during the height of Covid-19, Sarnelli had very little and infrequent opportunities to reach his attorney and there is no question that the conditions of his confinement during Covid-19 affected the ability to have proper representation.

5

was a first-time offender that Sarnelli would have been granted bail and afforded the ability to communicate with his counsel without the Covid-19 restrictions imposed in Essex County to work on his legal defense.  Instead, he was warehoused in a super-maximum security county prison and forced to sleep next to prisoners charged with murder, rape, and other violent crimes.  Sarnelli's many pleas to his attorney while he was incarcerated fell on deaf ears and were ignored.[5]

Based on the foregoing, Sarnelli's conviction should be overturned since his right to effective assistance of counsel guaranteed by the Sixth Amendment was violated.

### 4. Sarnelli has shown "extraordinary & compelling" reason for a reduction of his sentence under 18 USC § 3582 (c) (1)(A)

As a threshold issue, the fact that Sarnelli was sentenced under a mandatory minimum of 120-months, does not exclude him from a reduction of sentence under compassionate release.  The Second Circuit in United States v. Halvon, 26  F.4th 566 (2nd Circuit 2022), held that defendants are eligible for compassionate release with a sentence under a mandatory minimum.  The Court said "This case poses the threshold question of whether defendants who received a mandatory minimum sentence are eligible for a sentence reduction under § 3582(c)(1). We hold that they are."  Further in United States . V. Brooker, 976 F.3d 228 (2nd Cir 2020), the Court held that it was up to the discretion  of the Trial Court to determine what was "Extraordinary and Compelling" that might allow them to grant a lowering of one's sentence under compassion release.   The Court Stated "[t]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reason that an imprisoned person might bring before them in a motion for compassionate release."

Sarnelli submits that he has presented sufficient facts and circumstances to have this Court find "extraordinary and compelling" reasons to grant his request for compassionate release and reduce Sarnelli's sentence to 72-months.

---

[5] Sarnelli be granted bail would have at minimum,  allowed him to avoid the horrific Covid-19 conditions and a better ability to direct his attorney to properly seek "Safety Valve " protection and not feel abandoned in a maximum level lockdown facility and that he had no choice but to agree to the Government's plea demands.

### A. Sarnelli has been a model prisoner, is a non-violent offender and NOT a risk to society.

Sarnelli is a non-violent first-time offender and is of no risk or danger to society. Sarnelli who is serving time for his first conviction and has been designated as a "minimum" PATTERN score for general and violent level since the start if his incarceration. He currently has a general score of -6 and violent score of -2. At the time of the writing of this reply, Sarnelli is about to complete additional course work that will further lower these scores. There is little doubt that if Sarnelli was returned to society today, he would not be a risk to harm anyone.[6] His most recent UNIT TEAM meeting with his case manager at FCI Otisville on June 25, 2024, states that he is "Doing Fantastic". Copies of these UNIT TEAM papers accompany this reply.

### B. Sarnelli has used his incarceration to work on his rehabilitation to re-re-enter society

Sarnelli has been a model prisoner from his horrific time at Essex County and MDC Brooklyn and now FCI Otisville. He has no disciplinary infractions and has gone above and beyond helping other inmates better themselves as demonstrated in the motion's papers. He helped numerous inmates in Essex County complete course work as English was not their first language.

Since arriving at Otisville, Sarnelli has completed every course that was made available and is currently now completed eight (8) courses including "Doing Time With The Right Mind", "Money Smart", "Trauma, and currently in "Threshold".

From the beginning, Sarnelli has taken responsibility for his actions and has shown complete remorse for his conduct. Sarnelli feels tremendous guilt and shame for all the pain he has caused people he loves, most especially his two sons. Sarnelli looks forward to making amends and redeeming himself in their eyes. Sarnelli regrets his inability to control his addiction that was a pivotal part

---

[6] Sarnelli is not asking for immediate release, just the reduction of his sentence to 72-months which would not grant him immediate release.

of his descent into criminal activity. Incarceration has given Sarnelli the ability to take stock of his actions and commit himself to a better life upon his release.

### C. Sarnelli has a history of abuse that this Court should find is "Extraordinary and Compelling".

Sarnelli's PSR ( Doc 55 – pages 11-15) detail the troubled childhood he dealt with. First, his father's murder and observation of his criminal activity, coupled with the severe abuse he sustained by his mother and his erratic living conditions constantly changing throughout his childhood.

These traumas all lead to Sarnelli's own addiction that spiraled him into his own criminal activity. Sarnelli, does not say this to diminish the seriousness of his crimes, which he has taken responsibility for from the very beginning. The compelling nature of these traumas should only further lead the Court to find that he warrants a reduction of a heavy sentence for a first-time non-violent offender.

### D. Sarnelli's incarceration in Essex County, MDC Brooklen and FCI Otisville are extraordinary and compelling.

Sarnelli detailed to the Court the horrific conditions he faces while incarcerated for over 2 years pre-trial in Essex County and post sentencing in MDC Brooklyn before being transferred to FCI Otisville.

The Government does not meaningfully address Sarnelli's argument that the conditions of his confinement have made his sentence more onerous such that it can be considered extraordinary and compelling. Instead, the Government makes a passing comment that they are not unique to Sarnelli and that that was taken into consideration at sentencing. As memory serves, the Court felt that even considering these factors at the time, it had no choice under the 120-month mandatory minimum sentence requirement. This Court no longer has those limitations and can consider these facts as part of the §3553(a) factors.

More recently, although no longer subject to COVID lockdowns, FCI Otisville is nonetheless frequently locked down and inmates are no longer free to move around.

The Government does not mention the conditions Sarnelli detailed in his letter and motion papers. There are a number of Courts that have cited the harsh nature of incarceration during Covid-19. See, *United States v. Lopez*, 16 Cr. 317 (PAE), 2024 WL

964593, at *5 (S.D.N.Y. Mar. 5, 2024), in which Judge Engelmayer concluded the restrictive conditions at MDC and MCC were extraordinary and compelling.  In many facilities (including Essex County), prisoners were subject to constant lockdowns. *See United States v. Donato*, No. 03-CR-929, 2024 WL 665939, at *6-*7 (E.D.N.Y. Feb. 16, 2024) (finding "restrictions on visitations, restrictions on prison programming, and continued lockdowns during his incarceration at FCI Danbury" "made the defendant's period of incarceration more punitive than initially contemplated", and thus "supports a finding that there are extraordinary and compelling reasons warranting a reduction in sentence."); *United States v. Martinez Encinias*, 682 F. Supp. 3d 993, 1007 (D.N.M. 2023)("The Court also places weight on the fact that Mr. Martínez Encinias was housed in facilities [including FTC Oklahoma] that experienced documented lockdowns, staffing shortages, widespread infections, and deaths due to the pandemic."); *United States v. Chavez*, No. 22-CR-303 (JMF), 2024 WL 50233, at *5 (S.D.N.Y. Jan. 4, 2024) ("confining inmates to their cells is … tantamount to solitary or near- solitary confinement, a practice that is increasingly viewed as inhumane.").[7]

---

[7] To the extent the Government would suggest that courts in this District have not found Covid-19 conditions universally applicable to all inmates at a given facility and that they do give rise to extraordinary and compelling circumstances, countless courts in this district have found they do, either in conjunction with other circumstances or standing alone. *See e.g., United States v. Rodriguez*, No. 00 Cr. 761-2 (JSR), 2020 WL 5810161, at *3 (S.D.N.Y. Sept. 30, 2020); *United States v. Hernandez Frometa*, No. 18 CR. 660 (AKH), 2020 WL 6132296, at *2 (S.D.N.Y. Oct. 19, 2020); *United States v. Henareh*, No. 11-CR-93-1 (JSR), 2021 WL 119016, at *5 (S.D.N.Y. Jan. 13, 2021) *United States v. Mcrae*, No. 17 CR. 643 (PAE), 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021); *United States v. Ng Lap Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *6 (S.D.N.Y. Mar. 15, 2021); *United States v. Hatcher*, No. 18 CR. 454-10 (KPF), 2021 WL 1535310, at *4 (S.D.N.Y. Apr. 19, 2021); *United States v. Cardenas*, No. 17-CR-339 (AJN), 2021 WL 3722761, at *2 (S.D.N.Y. Aug. 23, 2021); *United States v. Robles*, 553 F. Supp. 3d 172, 184 (S.D.N.Y. 2021); *United States v. Rengifo*, 569 F. Supp. 3d 180, 197 (S.D.N.Y. 2021); *United States v. Glynn*, No. 06-CR-580 (JSR), 2022 WL 562652, at *6 (S.D.N.Y. Feb. 24, 2022); *United States v. Lora*, No. 16 CR. 44-5 (KPF), 2022 WL 1055749, at *5 (S.D.N.Y. Apr. 8, 2022); *United States v. Serrano*, No. 15 CR. 608-4 (KPF), 2022 WL 1443688, at *15 (S.D.N.Y. May 6, 2022); *United States v. Tellier*, No. 92-cr-869, 2022 WL 1468381, at *4 (S.D.N.Y. May 10, 2022); *United States v. Batista*, No. 18-CR-319-LTS-7, 2022 WL 1997173, at *2 (S.D.N.Y. June 6, 2022); *United States v. Golding*, No. 05-CR-538 (JSR), 2022 WL 2985014, at *4 (S.D.N.Y. July 27, 2022); *United States v. Barraza Payan*, No. 18 CR. 422 (KPF), 2022 WL 17757779, at *5 (S.D.N.Y.

One would hope that the Government would have been pleased to see that a criminal defendant has come to terms with his criminality and its consequences, has searched inside himself to identify what led to his criminality and used his incarceration to ensure he lives a law-abiding life upon release. Instead, the Government has tried to paint Sarnelli as a hardened criminal, which is not consistent with the facts.  He is a first-time non-violent offender.

What has not changed is that Sarnelli committed a serious crime, which he acknowledges he is deserving of serious punishment. The proposed reduction to 72-months would reflect the severity of the offence because, for one, it would not result in Sarnelli's immediate release as he thus far has been incarcerated for 40 months.

As the Second Circuit held, "courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence." United States v. Roney, 833 Fed. App'x 850, 853 (2d Cir. 2020). At the time of Sarnelli's sentencing, the Court was not fully aware of the horrendous conditions of confinement Sarnelli had endured or the effects it had on him. *See United States v. Ortega*, No. 13-CR-814-1 (JMF), 2023 WL 2752160, at *2 (S.D.N.Y. Mar. 31, 2023) ("the Court did not know that there would be a pandemic and that, as a result of the pandemic, Ortega's conditions of confinement would be considerably harsh[8]er."). A modest reduction of his sentence is therefore consistent with the §3553(a) factors.

---

Dec. 19, 2022); *United States v. Londono*, No. 05-CR-495 (JGK), 2022 WL 17905065, at *2 (S.D.N.Y. Dec. 23, 2022); *United States v. Oquendo*, No. 13 CR. 357-1 (KPF), 2023 WL 199609, at *5 (S.D.N.Y. Jan. 17, 2023); *United States v. Vazquez*, No. 13 CR. 869-1 (KPF), 2023 WL 2386607, at *8 (S.D.N.Y. Mar. 6, 2023); *United States v. Otero*, No. 15 CR. 608-10 (KPF), 2023 WL 2674745, at *11 (S.D.N.Y. Mar. 29, 2023); *United States v. Williams*, No. 09 CR 558 (CM), 2023 WL 4785286, at *13 (S.D.N.Y. July 27, 2023); *United States v. Tellier*, No. 92 CR. 869 (LGS), 2023 WL 5498909, at *4 (S.D.N.Y. Aug. 25, 2023); *United States v. Cromitie*, No. 09 CR 558-01 (CM), 2024 WL 216540, at *8 (S.D.N.Y. Jan. 19, 2024).

[8] Sarnelli asks this Court, that if his application for ineffective counsel fails to meet the necessary threshold, that these facts be considered by the Court in the § 3553(a) factors to further support find a "extraordinary and compelling" circumstances.

For all these reasons, and those in Sarnelli's previous filings, we respectfully suggest this Court find Sarnelli's circumstances extraordinary and compelling and reduce his sentence to 72-months or whatever relief the Court deems appropriate.

Respectfully,

Carmine Sarnelli

Mailing Address[9]:
Carmine Sarnelli – 45345-509
FCI Otisville Camp
PO BOX 1000
Otisville, NY 10963

---

[9] As Sarnelli advise this Court in his recent letters, Sarnelli was scheduled to be transferred in early August but has not been moved to date, even though Sarnelli's property has already been packed up. Sarnelli is not aware of when he will be transferred. He was advised that he was designated for transfer to a new facility on August 24, 2024. Sarnelli will advise the Court as directed upon his arrival at his new location.

# FSA Time Credit Assessment
### Register Number:45345-509, Last Name:SARNELLI

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number....: 45345-509 | Responsible Facility: OTV |
| Inmate Name | Assessment Date.....: 06-06-2024 |
|   Last...............: SARNELLI | Period Start/Stop...: 06-29-2023 to 06-06-2024 |
|   First..............: CARMINE | Accrued Pgm Days....: 343 |
|   Middle.............: A | Disallowed Pgm Days.: 0 |
|   Suffix.............: | FTC Towards RRC/HC..: 0 |
| Gender.............: MALE | FTC Towards Release.: 135 |
| Start Incarceration: 06-06-2023 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 06-29-2023 | 01-23-2024 | accrue | 208 |

Accrued Pgm Days...: 208
Carry Over Pgm Days: 0
Time Credit Factor.: 10
Time Credits.......: 60

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 01-23-2024 | 06-06-2024 | accrue | 135 |

Accrued Pgm Days...: 135
Carry Over Pgm Days: 28
Time Credit Factor.: 15
Time Credits.......: 75

--- FSA Assessment --------------------------------------------------------------

| # | Start | Stop | Status | Risk Assignment | Risk Asn Start | Factor |
|---|---|---|---|---|---|---|
| 001 | 06-29-2023 | 07-27-2023 | ACTUAL | FSA R-LW | 08-04-2023 0955 | 10 |
| 002 | 07-27-2023 | 01-23-2024 | ACTUAL | FSA R-LW | 08-04-2023 0955 | 10 |
| 003 | 01-23-2024 | 07-21-2024 | ACTUAL | FSA R-LW | 12-31-2023 0718 | 15 |

## FSA Needs Reassessment

Register Number:45345-509, Last Name:SARNELLI

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

Register Number: 45345-509                  Responsible Facility: OTV
Inmate Name                                 Assessment Date.....: 06/23/2024
  Last.........: SARNELLI
   First.......: CARMINE
   Middle......: A
   Suffix......:
Gender.........: MALE

**Needs Reassessment Worksheet Summary**

| Need Area | Before/After | Assignment | Description |
|---|---|---|---|
| Anger/Hostility | Before | N-ANGER N | NEED - ANGER/HOSTILITY NO |
| | After | N-ANGER N | NEED - ANGER/HOSTILITY NO |
| Antisocial Peers | Before | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| | After | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| Cognitions | Before | N-COGNTV N | NEED - COGNITIONS NO |
| | After | N-COGNTV N | NEED - COGNITIONS NO |
| Education | Before | N-EDUC N | NEED - EDUCATION NO |
| | After | N-EDUC N | NEED - EDUCATION NO |
| Family/Parenting | Before | N-FM/PAR Y | NEED - FAMILY/PARENTING YES |
| | After | N-FM/PAR Y | NEED - FAMILY/PARENTING YES |
| Finance/Poverty | Before | N-FIN PV Y | NEED - FINANCE/POVERTY YES |
| | After | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| Medical | Before | N-MEDICL N | NEED - MEDICAL NO |
| | After | N-MEDICL N | NEED - MEDICAL NO |
| Mental Health | Before | N-M HLTH N | NEED - MENTAL HEALTH NO |
| | After | N-M HLTH N | NEED - MENTAL HEALTH NO |
| Recreation/Leisure/Fitness | Before | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
| | After | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
| Substance Abuse | Before | N-SUB AB N | NEED - SUBSTANCE ABUSE NO |
| | After | N-SUB AB N | NEED - SUBSTANCE ABUSE NO |
| Trauma | Before | N-TRAUMA Y | NEED - TRAUMA YES |
| | After | N-TRAUMA Y | NEED - TRAUMA YES |
| Work | Before | N-WORK N | NEED - WORK NO |
| | After | N-WORK N | NEED - WORK NO |

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)
Register Number:45345-509, Last Name:SARNELLI

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 45345-509 | Risk Level Inmate....: R-MIN |
| Inmate Name |   General Level......: R-MIN (4) |
|  Last.........: SARNELLI |   Violent Level......: R-MIN (3) |
|  First.......: CARMINE | Security Level Inmate: MINIMUM |
|  Middle......: A | Security Level Facl..: MINIMUM |
|  Suffix......: | Responsible Facility.: OTV |
| Gender.........: MALE | Start Incarceration..: 06/06/2023 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 2
General Score: -6, Violent Score: -2
Risk Item Data

| Category | - Assignment | - Start | - Stop |
|---|---|---|---|
| DRG | ED COMP | 02/16/2024 13:30 | |
| EDC | DTRM | 10/31/2023 14:55 | 10/31/2023 14:55 |

Item: Work Programs, Value: 0
General Score: 0, Violent Score: 0
Risk Item Data

No Data



## Individualized Needs Plan - Program Review    (Inmate Copy)    SEQUENCE: 02245261

Dept. of Justice / Federal Bureau of Prisons    Team Date: 06-25-2024

Plan is for inmate: SARNELLI, CARMINE A  45345-509

| | | |
|---|---|---|
| Facility: | OTV OTISVILLE FCI | Proj. Rel. Date: 07-09-2029 |
| Name: | SARNELLI, CARMINE A | Proj. Rel. Mthd: FIRST STEP ACT RELEASE |
| Register No.: | **45345-509** | DNA Status: BRO24498 / 06-28-2023 |
| Age: | 49 | |
| Date of Birth: | 09-21-1974 | |

### Detainers

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

### Inmate Photo ID Status

Full-status incomplete - Expiration: null

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| OTV | POWER | POWERHOUSE WORKER | 10-18-2023 |

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| OTV | ESL HAS | ENGLISH PROFICIENT | 07-19-2023 |
| OTV | GED HAS | COMPLETED GED OR HS DIPLOMA | 07-19-2023 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| OTV SCP | C | DTRM DOING TIME W/ RIGHT MIND | 10-31-2023 | 01-26-2024 |

### Discipline History (Last 6 months)

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 12-14-2023 |
| CARE1-MH | CARE1-MENTAL HEALTH | 07-10-2023 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| LOWER BUNK | LOWER BUNK REQUIRED | 01-23-2024 |
| REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 07-07-2023 |
| WGT 15 LB | WEIGHT-NO LIFTING OVER 15 LBS | 07-07-2023 |
| YES F/S | CLEARED FOR FOOD SERVICE | 07-07-2023 |

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP QUAL | RESIDENT DRUG TRMT QUALIFIED | 06-11-2024 |
| ED COMP | DRUG EDUCATION COMPLETE | 02-16-2024 |
| NR COMP | NRES DRUG TMT/COMPLETE | 11-17-2023 |

### FRP Payment Plan

| Most Recent Payment Plan |
|---|

| | | | |
|---|---|---|---|
| FRP Assignment: | **COMPLT** | **FINANC RESP-COMPLETED** | Start: 12-10-2023 |
| Inmate Decision: | **AGREED** | $100.00 | Frequency: **SINGLE** |
| Payments past 6 months: | **$0.00** | | Obligation Balance: **$0.00** |

### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

### FRP Deposits



## Individualized Needs Plan - Program Review    (Inmate Copy)

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: SARNELLI, CARMINE A   45345-509

SEQUENCE: 02245261

Team Date: 06-25-2024

Trust Fund Deposits - Past 6 months:   $287.00

Payments commensurate ?   N/A

New Payment Plan:   ** No data **

### Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 08-14-2023 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 06-23-2024 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 06-23-2024 |
| N-COGNTV N | NEED - COGNITIONS NO | 06-23-2024 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 06-29-2023 |
| N-EDUC N | NEED - EDUCATION NO | 06-23-2024 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 06-23-2024 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 06-23-2024 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 06-23-2024 |
| N-MEDICL N | NEED - MEDICAL NO | 06-23-2024 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 06-23-2024 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 06-23-2024 |
| N-TRAUMA Y | NEED - TRAUMA YES | 06-23-2024 |
| N-WORK N | NEED - WORK NO | 06-23-2024 |
| R-MIN | MINIMUM RISK RECIDIVISM LEVEL | 06-23-2024 |

### Progress since last review

Continues to work in the powerhouse. FRP complete. Completed Money Smart, Doing Time With the Right Mind, Health and Wellness Over the Lifespan, and Drug Education. Is currently enrolled in Brain Health As You Age. Doing fantastic!

### Next Program Review Goals

Complete Brain Health As You Age, the Faith Based Conflict Management class, and the Threshold program by next review.

### Long Term Goals

Complete the RDAP program and a vocational program by 06-2027.

### RRC/HC Placement

Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

### Comments

** No notes entered **

```
  OTVH4   540*23  *           SENTENCE MONITORING            *      06-23-2024
PAGE 001           *           COMPUTATION DATA               *      08:52:32
                                  AS OF 06-23-2024


REGNO..: 45345-509 NAME: SARNELLI, CARMINE A


FBI NO...........: HRPWCE5K1           DATE OF BIRTH: 09-21-1974   AGE:   49
ARS1.............: OTV/A-DES
UNIT.............: 6 SCP                QUARTERS.....: C02-049U
DETAINERS........: NO                   NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 01-06-2029

FINAL STATUTORY RELEASE FOR INMATE.: 11-21-2029 VIA GCT REL
           WITH APPLIED FSA CREDITS.: 135  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 07-09-2029 VIA FSA REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER...................: 22-CR-116--S1
JUDGE...........................: BUCHWALD
DATE SENTENCED/PROBATION IMPOSED: 06-06-2023
DATE COMMITTED..................: 06-29-2023
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:   $100.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:   391     21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846; 21:841(B)(1)(A) CONSPIRACY TO DISTRIBUTE AND POSSESS
         WITH INTENT TO DISTRIBUTE METHAMPHETAMINE

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   120 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 DATE OF OFFENSE................: 05-17-2021




G0002      MORE PAGES TO FOLLOW . . .
```

```
    OTVH4  540*23 *              SENTENCE MONITORING        *      06-23-2024
    PAGE 002 OF 002 *           COMPUTATION DATA            *      08:52:32
                                 AS OF 06-23-2024


    REGNO..: 45345-509 NAME: SARNELLI, CARMINE A



    --------------------------CURRENT COMPUTATION NO: 010 --------------------------


    COMPUTATION 010 WAS LAST UPDATED ON 07-25-2023 AT DSC AUTOMATICALLY
    COMPUTATION CERTIFIED ON 07-27-2023 BY DESIG/SENTENCE COMPUTATION CTR

    THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
    CURRENT COMPUTATION 010: 010 010

    DATE COMPUTATION BEGAN..........: 06-06-2023
    TOTAL TERM IN EFFECT............:   120 MONTHS
    TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS
    EARLIEST DATE OF OFFENSE........: 05-17-2021

    JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                        05-15-2021     06-05-2023

    TOTAL PRIOR CREDIT TIME.........: 752
    TOTAL INOPERATIVE TIME..........: 0
    TOTAL GCT EARNED AND PROJECTED..: 540
    TOTAL GCT EARNED................: 162
    STATUTORY RELEASE DATE PROJECTED: 11-21-2029
    ELDERLY OFFENDER TWO THIRDS DATE: 01-14-2028
    EXPIRATION FULL TERM DATE.......: 05-15-2031
    TIME SERVED.....................:     3 YEARS      1 MONTHS       9 DAYS
    PERCENTAGE OF FULL TERM SERVED..:  31.0
    PERCENT OF STATUTORY TERM SERVED:  36.4

    PROJECTED SATISFACTION DATE.....: 07-09-2029
    PROJECTED SATISFACTION METHOD...: FSA REL
        WITH FSA CREDITS INCLUDED...: 135




    G0000        TRANSACTION SUCCESSFULLY COMPLETED
```



PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRIORITY MAIL

VISIT US AT USPS
ORDER FREE SUPPLIES

UNITED STATES
POSTAL SERVICE ®

FROM:

Carmine Sprnelli
4594-5
forsyville

RECEIVED
SEP 17 2024
CLERK'S OFFICE
S.D.N.Y.

US District Court
Southern District of
500 Pearl Street
NY NY 1000
ATTN: Clerk of Court - Ruby J.

Retail

UNITED STATES
POSTAL SERVICE ®

P

US POSTAGE PAID
$9.85
Origin: 11598
09/13/24
3594950598-55

PRIORITY MAIL®

0 Lb 4.80 Oz

RDC 03

EXPECTED DELIVERY DAY: 09/16/24

C099

SHIP
TO:
500 PEARL ST
NEW YORK NY 10007-1316

USPS TRACKING® #

9505 5129 8767 4257 8855 35

FLAT
ONE RA

TRA

schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP