UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA,

      - against –

CARMINE SARNELLI,

          Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

22 Crim. 116 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Presently before the Court is a <u>pro se</u> motion filed by defendant Carmine Sarnelli ("Sarnelli" or "defendant") seeking to: (i) reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); (ii) vacate his conviction under 28 U.S.C. § 2255 for alleged ineffective assistance of counsel; and (iii) reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). <u>See</u> ECF No. 64. Sarnelli is currently incarcerated at Federal Prison Camp Pensacola in Pensacola, Florida, and his projected release date is April 10, 2029.[1] For the reasons that follow, his motion is denied in full.

<u>**BACKGROUND**</u>

    On February 22, 2022, a grand jury returned a two-count Indictment charging defendant with: (i) conspiring to distribute and possession with intent to distribute 500 grams or more of

---

[1] <u>See</u> Federal Bureau of Prisons, <u>Inmate Locator</u>, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited January 2, 2025).

mixtures and substances containing a detectable amount of methamphetamine, the use of which resulted in an individual's death, in violation of 21 U.S.C. § 841(b)(1)(A) ("Count One"); and (ii) distributing and possessing with intent to distribute 50 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B) ("Count Two"). ECF No. 15. The mandatory minimum sentence for Count One was 240 months', or twenty years', imprisonment. 21 U.S.C. §§ 841(b)(1)(A).

After defendant filed a financial affidavit, the Court appointed him counsel pursuant to the Criminal Justice Act.[2] On July 8, 2022, defendant, through his appointed counsel, filed motions seeking to: (i) dismiss the resulting-in-death charge in Count One; and (ii) suppress all unlawfully obtained evidence and statements procured as the result of his arrest, a search of his belongings, and his interrogation. See ECF Nos. 29-31. The Government filed its opposition to these motions on August 15, 2022, ECF Nos. 32-25, and defendant filed a reply on September 6, 2022, ECF Nos. 38-40. After receiving permission from the Court, ECF No. 42, the Government filed a sur-reply on September 27, 2022, ECF No. 43. A suppression hearing was held on November 17, 2022,

---

[2] Defendant's appointed counsel included Christopher J. Gunther, George Robert Goltzer, and Jocelyn Emily Strauber.

and the parties filed post-hearing briefs on the motions. ECF Nos. 48-49. The Court denied both motions on January 17, 2023. ECF No. 50.

Subsequently, on February 16, 2023, Sarnelli pled guilty to a one-count Superseding Information charging him with conspiring to distribute, or possession with intent to distribute, more than 500 grams of mixtures and substances containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A). ECF No. 51. Defendant's plea agreement stipulated to a United States Sentencing Guidelines ("Guidelines") range of 135 to 168 months' imprisonment. See ECF No. 57 at 1. On June 6, 2023, this Court sentenced him to the mandatory minimum term of 120 months' imprisonment and five years of supervised release. See ECF Nos. 58, 59.

Defendant filed the present motion on April 17, 2024, ECF No. 64, and the Government filed a letter opposing the motion on July 1, 2024, ECF No. 70. The motion was fully briefed on September 19, 2024. ECF No. 73.

## DISCUSSION

As an initial matter, we note that ample evidentiary support existed for the original charges against the defendant, including the resulting-in-death charge, which would have carried a

-3-

mandatory minimum sentence of twenty years' imprisonment.[3] Defendant was able to plead to a lesser charge and receive a sentence of half that amount due in no small part to the excellent representation he received from his attorneys, appointed pursuant to the Criminal Justice Act, who submitted more than 300 pages of motion papers on his behalf and vigorously defended him in court. Two of his attorneys were former Assistant U.S. Attorneys with more than ten years of prosecutorial experience between them, and they were employed at the time by the international law firm of Skadden, Arps, Slate, Meagher & Flom LLP.

Against this background, we turn to the present motion, in which defendant seeks to: (i) reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); (ii) vacate his conviction under 28 U.S.C. § 2255 for ineffective assistance of counsel; and (iii) reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). See Mot. at 2-3. We address each of defendant's arguments in turn.

---

[3] The record shows that defendant exchanged text messages with the victim on the evening of August 7, 2019, discussing plans to meet and methods of administering methamphetamine. ECF No. 67, Supplemental Presentence Report dated May 16, 2024 ("Supplemental PSR") ¶ 10. At approximately 1:10 a.m. on August 8, 2019, defendant texted the victim, "I'm here." Id. At approximately 6:55 a.m., defendant called 9-1-1 from his personal cell phone to report that the victim was choking, vomiting, and had stopped breathing. Id. When the police arrived, defendant had left the scene. Id. A detective later called the phone number used to dial 9-1-1 and an individual identifying himself as "Tony," a nickname used by Sarnelli, answered the phone. Id. Subsequent reports by the medical examiner confirmed that the victim died from a methamphetamine overdose. Id.

-4-

**A. Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)**

First, defendant seeks a reduction of his sentence under 18 U.S.C. § 3582(c), asserting that is eligible for a status point recalculation pursuant to Amendment 821 to the Guidelines.[4]  Mot. at 20.

Under 18 U.S.C. § 3582(c)(2), this Court may, "after considering the factors set forth in section 3553(a)," reduce a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  The statute "establishes a two-step inquiry" that courts must follow when determining whether to reduce a defendant's sentence.  Dillon v. United States, 560 U.S. 817, 826 (2010).  First, the Court must "determine the prisoner's eligibility for a sentence modification," id. at 827, and "the amended [G]uidelines range that would have been applicable to the defendant if the amendment(s) to the [G]uidelines . . . had been in effect at the time the defendant was sentenced," U.S.S.G. § 1B1.10(b)(1).  Then, after the Court has determined that a defendant is eligible for a reduction, it must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is

---

[4] Amendment 821, which went into effect on November 1, 2023, provides for a two-level decrease in an individual's offense level if he had zero criminal history points and meets certain criteria.  U.S.S.G. §4C1.1.

warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

Defendant's motion does not make it past the first step of this analysis. As the Probation Office noted in its Supplemental Presentence Report, the Court imposed a sentence equal to the statutorily mandated minimum term of imprisonment. See ECF No. 67, Supplemental PSR dated May 16, 2024 ("Supplemental PSR"), at 2. Accordingly, even if defendant was eligible for a status point recalculation based on Amendment 821, the Court would be unable to impose a sentence lower than the one he received. See U.S.S.G. §1B1.10, Application Note 1(A) (a reduction is not authorized where it would "not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is therefore denied.

## B. Ineffective Assistance of Counsel

We next address defendant's claims that his sentence should be reduced based on the alleged ineffectiveness of his counsel. Mot. at 6-10. Specifically, defendant asserts that the decisions made by his counsel not to seek dismissal of Count One of the Indictment or safety-valve relief under 18 U.S.C. § 3553(f)

-6-

constituted ineffective assistance. Mot. at 6-10. Notably, defendant does not seek to withdraw his guilty plea.

As an initial matter, we note that this Court directly observed counsel's performance throughout defendant's criminal proceedings. Based on those observations and the thoughtful, thorough motion papers submitted by counsel, the Court is taken aback that defendant would suggest this is a case in which a claim of ineffective assistance of counsel might be appropriate. Indeed, it is just the opposite. It is difficult to imagine that defendant could have received better representation throughout these proceedings. Nevertheless, we will address for completeness the specific arguments that defendant makes.

To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a "petitioner must demonstrate that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." McCoy v. United States, 707 F.3d 184, 187 (2d Cir. 2013) (citing United States v. Strickland, 466 U.S. 668, 687-88 (1984)). Only if both elements are satisfied can the petitioner demonstrate that his "counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment."
Strickland, 466 U.S. at 687.  In reviewing counsel's performance,
the Court must accord a "strong presumption" that counsel's
decisions were reasonable under the circumstances and could be
considered "sound trial strategy."  Id. at 689.

First, defendant's claim that his attorneys' decision not to
seek dismissal of Count One of the Indictment fell below an
objective standard of reasonableness is untenable.  Mot. at 6-8.
Shortly after appearing on his behalf, defendant's counsel filed
a motion to dismiss the death-resulting component of Count One,
which would have subjected him to a mandatory 20-year sentence had
he been convicted of that offense.  See ECF Nos. 29-31.  Following
extensive briefing, this motion was denied by the Court.  See ECF
No. 50.  Defendant's counsel subsequently assisted with the
negotiation of a plea agreement that removed the death-resulting
component from Count One, thereby cutting defendant's mandatory
minimum sentence in half.  Although defendant claims that "no
strategy or tactic . . . would explain failing to seek dismissal"
of Count One as a whole, defense counsel's decision not to do so
was entirely reasonable.  Given the facts of defendant's case and
the sheer volume of evidence provided by the Government relating

to his drug trafficking, any subsequent motion to dismiss Count One in its entirety would have been frivolous at best.[5]

Next, defendant argues that his counsel was ineffective in failing to seek safety-valve relief under 18 U.S.C. § 3553(f). However, he was not eligible for that relief.  The safety-valve provision permits a court to disregard a statutorily mandated minimum term of imprisonment for certain narcotics offenses when imposing a sentence if it finds that certain criteria are met, including that the defendant "did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]"  18 U.S.C. § 3553(f)(2); see also Pulsifer v. United States, 601 U.S. 124, 127-130 (2024).  In his plea agreement, defendant stipulated to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for the possession of a firearm in connection with his offense.  See Supplemental PSR ¶ 33; Opp. at 5.  Accordingly, by its very terms, 18 U.S.C. § 3553(f) precluded relief from the statutorily mandated minimum sentence of 120

---

[5] As the Government notes in its opposition, the evidence against the defendant was overwhelming and included: "(i) the seizure of almost 500 grams of methamphetamine from Sarnelli in May 2021; (ii) electronic evidence, such as text messages and location data, corroborating [his] long-running involvement in methamphetamine trafficking[;] (iii) a post-arrest statement from Sarnelli in May 2019 about his involvement in methamphetamine trafficking; (iv) controlled purchases of methamphetamine from Sarnelli; and (v) corroborated information from multiple witnesses about [his] trafficking of large quantities of methamphetamine."  Opp. at 8.  Any motion to dismiss Count One, a conspiracy charge based solely on drug weight, would have been promptly denied by the Court in light of this evidence.

months' imprisonment.  Thus, it would have been unreasonable for defendant's counsel to seek safety valve treatment for Sarnelli.[6]

For the reasons stated above, petitioner's ineffective assistance of counsel claims are patently frivolous.  Defendant's skilled counsel made a series of strategic decisions that were objectively reasonable given the circumstances of defendant's case and the overwhelming evidence against him, and defendant has provided no evidence to show that he was prejudiced by these decisions.  Accordingly, defendant's ineffective assistance of counsel claims are dismissed on the merits pursuant to 28 U.S.C. § 2254(b)(2).

**C. Motion for Compassionate Release Under 18 U.S.C. § 3582**

Finally, defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  Under 18 U.S.C. § 3582(c)(1)(A), a court

---

[6] We note also that petitioner's plea agreement contained a waiver pursuant to which he agreed not to "file a direct appeal; nor bring a collateral challenge, including but not limited to an application under [§ 2255] . . . of any sentence within or below the Stipulated Guidelines Range of 135 to 168 months' imprisonment[.]"  Plea at 4.  This waiver "is enforceable against ineffective assistance claims that relate to [defendant's] sentence, so long as counsel was not ineffective during the plea process that led to the waiver."  Grant v. United States, No. 05 Civ. 8994 (RPP), 2007 WL 2469450, at *4 (S.D.N.Y. Aug. 31, 2007) (citations omitted).  Where, as here, defendant has failed to provide any evidence suggesting that his counsel was ineffective during the plea bargaining process and the Court ultimately sentenced him to a term of imprisonment substantially lower than the Guidelines range agreed to in his plea agreement, his claim must be denied.  Grant, 2007 WL 2469450 at *5; see also Santiago-Diaz v. United States, 299 F. Supp. 2d 293, 299 (S.D.N.Y. 2004) ("A claim of ineffective assistance of counsel is not a vehicle for a criminal defendant to attempt an end-run around a knowing and voluntary waiver of his right to appeal his sentence.").

may, after considering the facts set forth in 18 U.S.C. § 3553(a),
reduce a defendant's term of imprisonment if "it finds that . . .
extraordinary and compelling reasons warrant such a reduction."
18 U.S.C. § 3582(c)(1)(A)(i).  A motion for compassionate release
is "not an opportunity to second guess or to reconsider the
sentencing court's original decision." United States v. Roney,
833 F. App'x 850, 854 (2d Cir. 2020) (internal quotations omitted).
Rather, the defendant bears the burden of proving the existence of
"extraordinary and compelling reasons" for the reduction of his
sentence. United States v. Castelle, No. 18 Crim. 15 (AKH), 2022
WL 4536798, at *1 (S.D.N.Y. Sept. 28, 2022).

    Here, defendant alleges that his prior conditions of
confinement at Essex County Correctional Facility, his
rehabilitative efforts, and his family history constitute
extraordinary and compelling circumstances warranting a reduction
in his 120-month sentence.  After considering defendant's
assertions, we find that the circumstances he describes are neither
extraordinary nor compelling.

    First, defendant represents that he has been rehabilitated
during his term of imprisonment, stating that he "has not incurred
any disciplinary infractions" and has completed more than 300
courses while incarcerated, including two drug abuse and education

programs. Mot. at 15-18. He also asserts that he "helped dozens of other inmates . . . complete online courses[,]" attaching letters from his fellow inmates as evidence of that assistance. Mot. at 16-18; Mot., Ex. E. These actions, he claims, should be taken as proof that he has "acknowledged [his] mistakes, taken responsibility[,] and is ready to start life anew[.]" Mot. at 18. However, the attitude of defendant's motion reflects an absence of true remorse, as the level of self-pity expressed in that motion is proof positive of his failure to internalize the immorality of his lifestyle. Regardless of the sincerity of defendant's expressed remorse, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason [warranting compassionate release]." United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020 (quoting 28 U.S.C. § 994(t)) (emphasis omitted); accord U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13(d). Indeed, "every inmate should strive for a productive institutional record while incarcerated because that is what is expected." United States v. Saleh, No. 93 Crim. 181 (WHP), 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020). Defendant's purported rehabilitation simply does not constitute an extraordinary and compelling circumstance sufficient for this Court to reduce his sentence.

Defendant further asserts that he experienced "extremely harsh conditions" while incarcerated at Essex County Correctional Facility during the COVID-19 pandemic -- namely, restrictive lockdowns, a lack of social visits or phone privileges, and the suspension of outdoor or recreation time. Mot. at 12-15. However, the Court explicitly noted at sentencing that it considered these conditions when formulating defendant's sentence, stating:

> If we were not in the COVID world, where being in custody has been even more difficult, a sentence above ten years might have been appropriate, but it has been recognized, I think by virtually every judge, that the difficulties of being incarcerated during COVID merit some consideration.

> ECF No. 59 at 16:21-25.

Defendant does not claim that the conditions described in his motion continued after his sentencing and prompt transfer from the Essex County Correctional Facility.[7] Accordingly, these conditions do not constitute an extraordinary and compelling circumstance sufficient to warrant any further reduction of his sentence.

Defendant also requests that the Court reduce his sentence based on his family history, asserting that his experiences as a child "contribut[ed] to [his] addiction later in life that led to

---

[7] In fact, defendant states in his motion that the conditions to which he is referring occurred between May 15, 2021 and June 15, 2023, and specifically during his incarceration at Essex County Correctional Facility. Mot. at 12. Defendant's sentencing took place on June 6, 2023, and he transferred from that facility shortly thereafter. ECF No. 59.

his criminal activity." Mot. at 19. However, the Court considered this information at the time of sentencing, when it reviewed both the defendant's sentencing submission, ECF No. 56, and a pre-sentence report containing significant information about the defendant, his family, and his childhood, ECF No. 55. Defendant has provided no reason that his prior life experiences, which the Court took into account when formulating his original sentence, might now constitute an extraordinary or compelling reason to reduce his sentence under 18 U.S.C. § 3582.[8]

Moreover, even if defendant could establish an extraordinary or compelling reason for the reduction of his sentence, the 18 U.S.C. § 3553(a) factors weigh decidedly against doing so. The nature and circumstances of his offense remain serious: Sarnelli spent years dealing significant quantities of methamphetamine and, at the time of his arrest, possessed nearly 500 grams of methamphetamine. Opp. at 3 (citing Supplemental PSR ¶ 24). Further, although he describes himself in his motion as a "first-time" and "non-violent" offender, this language obscures crucial facts relevant to his offense, including the fact that his criminal activity directly resulted in the death of a human being. This

---

[8] We note also that prior trauma or life experience is not identified as an "extraordinary and compelling reason[] warrant[ing] the reduction" of a defendant's sentence under U.S.S.G. § 1B1.13(b).

-14-

factor, on its own, is sufficient to justify defendant's 120-month sentence.  The sentence imposed, which is equal to the statutorily mandated minimum sentence required for his offense, was necessary to reflect the seriousness of the defendant's conduct and to provide just punishment.  See 18 U.S.C. § 3553(a)(2)(A), (C). Further, this sentence is in line with the sentences given to similarly situated defendants.  There is no unwarranted disparity between his sentence and those of defendants with similar records who have been found guilty of similar conduct.  See U.S.C. § 3553(a)(6).  In sum, the Court's sentence was appropriate when issued, and it does not weigh the § 3553(a) factors differently now.

## CONCLUSION

For the reasons stated above, defendant's motion is denied. Further, because defendant has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  It is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3).  Coppedge v. United States, 369 U.S. 438, 444 (1963).  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 64 and send a copy of

this Memorandum and Order to: Carmine Sarnelli, Reg. No. 45345-509, FPC Pensacola Federal Prison Camp, P.O. Box 3949, Pensacola, Florida 32516.


        **SO ORDERED.**

Dated:      January 22, 2025
            New York, New York

                                        _____
                                         NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

-16-